2005 UT App 290

STATE of Utah, Plaintiff and Appellee,

v.

Oscar VALLE–FLORES, Defendant and Appellant.

No. 20040169–CA.

Court of Appeals of Utah.

June 23, 2005.

Steven Lee Payton, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, GREENWOOD, and THORNE.

MEMORANDUM DECISION

THORNE, Judge:

¶ 1 Oscar Valle–Flores appeals his conviction, entered upon a conditional guilty plea, of unlawful possession of a controlled substance with intent to distribute, a third degree felony. *See* Utah Code Ann. § 58–37–8(1)(a)(iii) (2002). Valle–Flores appeals the trial court's denial of his motion to suppress the results of a search warrant. We affirm.

¶ 2 On April 18, 2002, Detective A.B. Clark presented an affidavit and warrant to a district court judge. The affidavit and warrant both listed the address of the premises to be searched as "626 Pueblo Street," and included a detailed physical description of the listed premises. The facts contained in the affidavit clearly established probable cause of illegal activity, but referred to both "the listed premises" and "624 Pueblo Street." The judge signed the provided warrant authorizing a search of 626 Pueblo Street. On April 22, 2002, prior to executing the warrant, Clark realized that the references to 624 Pueblo Street in the affidavit were erroneous. Clark prepared a new affidavit, identical in every way to the first affidavit but for the consistent reference to 626 Pueblo Street in the new affidavit. Clark executed the new affidavit before the same judge, but no new warrant was issued. Clark then executed the existing warrant at 626 Pueblo Street, where he found evidence of Valle–Flores's drug distribution.

¶ 3 Valle–Flores argues that the warrant was not supported by probable cause because the original April 18 affidavit

referred to both 624 Pueblo Street and 626 Pueblo Street. Valle–Flores contends that the April 22 affidavit did not cure the warrant and that the search pursuant to the warrant is invalid. We disagree because the warrant was supported by probable cause at the time of its issuance.

 ¶ 4 Minor inconsistencies in probable cause affidavits that do not "seriously undermine the information underlying the probable cause determination" do not prevent a judge from granting an otherwise proper search warrant. *State v. Wallace*, 2002 UT App 295, ¶ 26, 55 P.3d 1147 (upholding search warrant for blood sample despite affidavit addendum's description of a request for urine sample); *see also State v. Rowe*, 806 P.2d 730, 738 (Utah Ct.App.1991), *rev'd*, 850 P.2d 427 (Utah 1992) ("We recognize that mere ministerial and technical errors in the preparation or execution of search warrants will not, without more, invalidate the warrant."). Rather, the test is whether the totality of the circumstances described in the affidavit establishes probable cause that contraband or evidence of a crime will be found in a particular place. *See State v. Dable*, 2003 UT App 389, ¶ 5, 81 P.3d 783; *see also Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

¶ 5 Here, the April 18 affidavit provided ample probable cause to believe that evidence would be found at 626 Pueblo Street. Both the affidavit and the warrant listed the premises to be searched as 626 Pueblo Street, and the affidavit contained multiple factual assertions of controlled drug buys occurring at the "listed premises." Nothing on the face of the April 18 affidavit is factually inconsistent with drugs being sold from 626 Pueblo Street, and it is irrelevant that the same affidavit erroneously made reference to 624 Pueblo Street as well. Because the April 18 affidavit provided probable cause for the issuance of a warrant to search 626 Pueblo Street, we affirm the trial court's denial of Valle–Flores's motion to suppress the results of that warrant.

██ ¶ 6 Although we find no error in this case, we note that the preparation and issuance of a second warrant when a second affidavit is signed is a recommended course of action that would remove one potential source of error in this situation. At the same time, we commend Clark's actions in bringing the inconsistencies in the April 18 affidavit promptly to the judge's attention, rather than simply gambling that the warrant would be upheld on the existing affidavit.

¶ 7 Affirmed.

¶ 8 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and PAMELA T. GREENWOOD, Judge.